UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOSE M. RODRIGUEZ,

      Plaintiff,        **ORDER**
                   **09 CV 2197 (NGG)(LB)**
   -against-

STEVEN SCHOR, INC.,

      Defendant.
-------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

  The Court held a settlement conference in this *pro se* employment discrimination case on November 24, 2009. The parties failed to reach a settlement. Any request to amend the complaint, including any request to join other parties, shall be made by December 23, 2009. Fed. R. Civ. P. 16(b)(3)(A). The Court set March 15, 2010 as the deadline for the parties to complete all discovery.

  Discovery is the process by which the parties request information from each other regarding their claims or defenses. Discovery requests are not made to the Court. Discovery is governed by Rules 26 through 37 of the Federal Rules of Civil Procedure and is conducted between the parties without the Court's involvement. Pursuant to Fed. R. Civ. P. 33 and 34, plaintiff may request, in writing, answers to questions and documents from defendant's attorney. The more specific the request, the more likely the information will be produced. Generally, parties must respond to discovery requests in writing within thirty (30) days. Since March 15, 2010 is the deadline for the *completion* of all discovery, requests to the opposing party must be served at least thirty (30) days before that deadline. Plaintiff should always keep a copy of all requests and responses sent to defendant; plaintiff should never send an original

document, only a copy. Fed. R. Civ. P. 5(d) prohibits litigants from filing discovery materials in the Court.

The parties may conduct depositions upon oral examination pursuant to Fed. R. Civ. P. 30. An oral deposition is a seven (7) hour question-and-answer session in which the person being deposed testifies under oath or affirmation. The deposition in its entirety, both the questions and answers, are transcribed by the court reporter and may be used in the litigation. If a party receives written notice to appear for a deposition but is unable to appear at the date and time stated in the notice, that party shall promptly contact the opposing party to request that the deposition be rescheduled for another date. If plaintiff wishes to conduct one or more depositions but cannot afford to hire a court reporter to administer the required oath and record the deponent's testimony, see Fed. R. Civ. P. 28 and 30(c), plaintiff may conduct depositions upon written questions pursuant to Fed. R. Civ. P. 31. Each party bears their own costs of conducting discovery.

Before requesting the Court's assistance regarding a discovery dispute, the parties must make a good faith effort to resolve the dispute with one another. Fed. R. Civ. P. 26(c); Local Civil Rule 37.3. For example, if plaintiff has requested materials and defendant has not responded within thirty days, plaintiff must make a good faith effort to resolve the issue with defendant's counsel before seeking the Court's intervention. Under the Federal Rules of Civil Procedure, any submission to the Court must first be served on the adversary or the Court cannot consider it. Fed. R. Civ. P. 5.

Defendant has stated that it will move for summary judgment following the close of discovery, and the Court set the following schedule: defendant's counsel shall serve the motion on plaintiff by April 12, 2010; plaintiff shall serve his opposition to defendant's motion on

defendant's counsel by May 12, 2010; defendant's counsel shall serve the reply on plaintiff and electronically file the fully briefed motion by May 26, 2010. If plaintiff fails to oppose defendant's motion by April 12, 2010, defendant shall file the motion, which the Court will consider unopposed.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: November 24, 2009
       Brooklyn, New York